**SO ORDERED.**

**SIGNED this 11 day of August, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**DAVID LEWIS STROEHMANN, JR.,**

        Debtor.          Case No. 07-02152-8-JRL

**PEGGY S. LEVIN, TRUSTEE,**          Adversary Proceeding No.:
        L-08-00027-8-AP

        Plaintiff,

v.

**DAVID LEWIS STROEHMANN, JR.,**
**WACHOVIA BANK, N.A., DAVID**
**STROEHMANN, SR. AND SAM**
**WOLCOTT, AS TRUSTEES OF THE**
**GERTRUDE S. STROEHMANN TRUST,**

        **Defendants.**
_____

## ORDER

        This matter is before the court on the motion to dismiss filed by defendants Wachovia Bank, N.A., David Stroehmann, Sr. (David Sr.), and Sam Wolcott, as trustees of the Gertrude S. Stroehmann Trust (collectively the co-trustees). On July 10, 2008, the court conducted a hearing

on this matter in Raleigh, North Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## BACKGROUND

The trust at issue in this case was created on November 23, 1976 by Gertrude S. Stroehmann, the grandmother of the debtor. The trust agreement divides its corpus into two equal shares, one for David Sr. and one for his brother, Harold Stroehmann, Jr. (Harold Jr.). David Sr.'s share was further divided between the debtor and his sister, J. Kathryn Stroehmann, with the debtor's share exceeding his sister's share by $80,000.00. The trust agreement gives the trustees "sole and absolute discretion" over payments of income and principal to or on behalf of the beneficiaries. The only mandatory distribution occurs at the trust's closing, when the principal and retained income are to be paid out to the beneficiaries.[1] The trust agreement provides that the trust continues until the death of the last to die of Harold Jr. and David Sr. Harold Jr. has already died. If the debtor is not living at the time the trust closes, his share passes to the other beneficiaries named in the trust. In addition, the trust agreement includes a spendthrift provision which states:

---

[1] The debtor's schedules reflect that the debtor is to receive a distribution of trust principal at the time he reaches age forty-five on March 2, 2010. Having reviewed the trust documents, the court is unable to determine that such distribution is required under the terms of the trust. Should the trustee in the future demonstrate to the court that the debtor has a vested, non-discretionary right to such a distribution, that interest may constitute property of the estate. The debtors' Schedule B discloses the value of the distribution to be made at his father's death as $1,012,153.09.

2

> The interest of any beneficiary in the corpus or income of any trust shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors and shall not otherwise be voluntarily or involuntarily alienated or encumbered by such beneficiary.

Stroehmann Trust at p. 9. On June 12, 2007, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. On March 14, 2008, the Chapter 7 trustee filed an adversary proceeding against the debtor and the co-trustees. Through the adversary proceeding, the Chapter 7 trustee requests the turnover of all amounts paid to the debtor from the trust post-petition, all principal, and all future income relating to the trust. The co-trustees filed an answer on April 16, 2008, asking the court to deny the relief sought by the Chapter 7 trustee and raising affirmative defenses, including Federal Rule of Civil Procedure 12(b)(6)[2] and 11 U.S.C. § 541(c)(2). The co-trustees assert that the adversary proceeding should be dismissed because the spendthrift provision of the trust causes the trust income and principal to be excludable from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2), and are therefore not subject to turnover to the Chapter 7 trustee.

## **STANDARD OF REVIEW**

For purposes of deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable in bankruptcy by Bankruptcy Rule 7012, the court takes the complaint's factual allegations as true. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Dismissal is appropriate if the nonmoving party can prove no set of facts sufficient to support its claims for relief. If, on a motion to dismiss for failure to state a claim upon which relief may be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment, and all parties shall

---

[2] Federal Rule of Civil Procedure 12(b)(6) is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

be given reasonable opportunity to present all pertinent material. Fed. R. Civ. P. 12(b). Thus, Rule 12(b)(6) permits a party to defend a motion to dismiss by presenting evidence; however, the party can do so only after notice that the court intends to convert the Rule 12(b)(6) motion into a summary judgment motion. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991). If no conversion of the Rule 12(b)(6) motion is made then the court must limit itself to the facts and allegations stated in the complaint.

## ANALYSIS

Section 541 of the Bankruptcy Code provides that upon commencement of the bankruptcy case, a debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This broad definition of property of the estate indicates the intention of Congress "to include all legally recognizable interests, although they may be contingent and not subject to possession until some future time." In re Knight, 164 B.R. 372, 374 (Bankr. S.D. Fla. 1994). However, Section 541(c)(2) specifically excepts from the bankruptcy estate the "beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." Id. § 541(c)(2). The purpose of this section is to uphold the validity of spendthrift trusts in bankruptcy. Only trusts that are enforceable as spendthrift trusts under state law are excludable from property of the estate pursuant to 11 U.S.C. § 541(c)(2).

In this case, the terms of the Stroehmann Trust give the debtor separate interests in the trust: (1) an interest in the income from the trust during the life of the trust, and (2) an interest in principal during the life of the trust, and (3) a future interest in the trust principal which must be paid to the debtor upon the termination of the trust, which will occur upon the death of the debtor's father. The

issue presented here is whether these interests are included in the bankruptcy estate under the broad definition of property of the estate in 11 U.S.C. § 541(a)(1).

*A. Right to Income*

First, the adversary proceeding filed by the Chapter 7 trustee seeks turnover of all amounts of income paid under the Stroehmann Trust to or on behalf of the debtor since the filing of the petition and all future trust income to be distributed to the debtor. The co-trustees move to dismiss the Chapter 7 trustee's request for turnover of trust income on the grounds that, because the debtor has no right to receive income, nor can the Chapter 7 trustee compel a distribution of trust funds. Under the terms of the Stroehmann Trust, the beneficiaries have a right to receive certain distributions of income from the trust. However, the trust specifically states that the distribution of income to the beneficiaries occurs only "as the [t]rustees determine from time to time in their sole and absolute discretion." Stroehmann Trust p. 2-3. Under Pennsylvania trust law, a spendthrift trust is valid "only if it restrains both voluntary and involuntary transfer of a beneficiary's interest." Pa. C.S.A. § 7742(a)(2006). The Stroehmann Trust spendthrift provision states that "[t]he interest of any beneficiary in the corpus or income of any trust shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors and shall not otherwise be voluntarily or involuntarily alienated or encumbered by such beneficiary." Id. at 9. Because the terms of the Stroehmann Trust clearly restrain the voluntary and involuntary transfer of the beneficiary's interest, the court determines that the Stroehmann Trust is a valid spendthrift trust under Pennsylvania law.

Having determined that the trust is a valid spendthrift trust, the court must now determine the effect the spendthrift provision has on the Chapter 7 trustee's right to compel turnover of trust income. Under Pennsylvania law, beneficiaries of spendthrift trusts can only compel distributions

through a "judicial proceeding against a trustee for abuse of discretion or failure to comply with a standard for distribution." Pa. C.S.A. § 7744(d). Further, creditors of beneficiaries of Pennsylvania spendthrift trusts cannot compel distributions from the trustee, even if the trustee has abused its discretion in failing to make a distribution, unless the creditor is acting to "satisfy a judgment or court order against the beneficiary for support or maintenance of the beneficiary's child." Id. § 7744(c)(1)-(2). Therefore, neither the beneficiaries nor the creditors of the beneficiaries of the Stroehmann Trust can compel a distribution of income and the Chapter 7 trustee cannot compel the debtor to turn over payment of trust income pursuant to 11 U.S.C. § 541(c)(2).

  *B. Right to Principal*

The adversary proceeding filed by the Chapter 7 trustee also asserts that the debtor's interest in the trust principal is property of the bankruptcy estate. The co-trustees move to dismiss the Chapter 7 trustee's request for turnover of the trust principal on the grounds that the debtor's interest in the principal is subject to the spendthrift provision of the trust and is thus excluded from the bankruptcy estate.

Under the terms of the trust, the debtor's right to receive principal is divided into (1) the right to receive disbursements of principal at the discretion of the trustees, (2) the future right to receive a mandatory distribution of principal upon termination of the trust. First, the terms of the Stroehmann Trust provide that the trustees may make distributions of principal to the trust beneficiaries. However, the trust is clear that the trustees have sole discretion to such make distributions of the trust principal, just as the trustees have sole discretion to make distributions of trust income. Because the debtor does not have the right to compel a distribution of principal during the life of the trust, nor can the Chapter 7 trustee compel such distributions of principal. Therefore,

6

the Chapter 7 trustee cannot compel the debtor to turn over discretionary disbursements of trust principal during the life of the trust.

### C. Right to Distribution at Termination

Finally, at the time of filing his bankruptcy petition, the debtor held a future interest in the mandatory distribution of principal upon the termination of the trust, which is to occur upon the death of the debtor's father. The Chapter 7 trustee contends that she is entitled to turnover of the debtor's future interest in trust principal because the interests is not restricted by the spendthrift provision of the trust. Courts are split on the issue of whether a debtor's future remainder interest in the principal of a spendthrift trust distributed upon termination constitutes property of the estate. 5 Collier on Bankruptcy (15th ed. rev.) ¶ 541.11[2]. The issue was previously addressed by this court in Janvier v. Sledge, 03-02654-8-JRL (Bankr. E.D.N.C. June 23, 2004) and in In re Laughey, 02-04762-8-JRL (Bankr. E.D.N.C. Nov. 26, 2002). In Sledge, this court held that a contingent remainder in a spendthrift trust held by a debtor is property of the bankruptcy estate. Id. The relevant provision of the trust in Sledge stated that the debtor would own a portion of the trust corpus free of any transfer restriction at the time the debtor reached age fifty. Id. Thus, no transfer restriction existed on the distribution of the corpus which was to take place at the trust's termination, and this court found that the debtor's interest in the corpus was property of the bankruptcy estate. Id. Similar results have been reached by courts of other jurisdictions. See, e.g., O'Neil v. Fleet Nat'l Bank (In re Britton), 300 B.R. 155 (Bankr. D. Conn. 2003); In re Crandall, 173 B.R. 836 (Bankr. D. Conn. 1994); Stokes v. Trust Co. of Georgia (In re McLoughlin), 507 F.2d 177 (5th Cir. 1975).

The provisions of the Stroehmann Trust in the instant case are similar to the trust in Sledge,

7

as the only mandatory distribution is to occur at the trust's closing, when the corpus and the remaining income will be paid out to the beneficiaries. It must be noted that the trust in <u>Sledge</u> was governed by Kentucky law, whereas the Stroehmann Trust is governed by Pennsylvania law. However, Pennsylvania law defines spendthrift trusts in a similar manner as under Kentucky law. Under Kentucky law, a spendthrift trust is defined as "a trust by which the terms of the instrument creating a valid restraint on the voluntary and involuntary alienation of the interest of a beneficiary is imposed." Ky. Rev. Stat. Ann. § 381.180(2). Similarly, under Pennsylvania law, spendthrift trusts are defined as trusts that "restrain both voluntary and involuntary transfer of a beneficiary's interest." 20 Pa. C.S.A. § 7742(a).

The co-trustees argue that the debtor's interest in the spendthrift trust's remainder should be excluded from the bankruptcy estate based on the ruling of the Bankruptcy Court for the Eastern District of Pennsylvania in <u>Blanchard v. Blanchard (In re Blanchard)</u>, 201 B.R. 108 (Bankr. E.D. Pa. 1996). The court in <u>Blanchard</u> held that a debtor's interest in the remainder of a Pennsylvania spendthrift trust is excluded from the bankruptcy estate, so that her failure to disclose its existence in her schedules was not a reason to deny her discharge. <u>Id.</u> In so holding, the bankruptcy court cited the line of cases which have held that a debtor's future interest in a spendthrift trust is not property of the estate. <u>Id.</u>; <u>see, e.g.</u>, <u>In re Baydush</u>, 171 B.R. 953, 958 (E.D. Va. 1994); <u>In re Newman</u>, 903 F.2d 1150 (7th Cir. 1990); <u>In re Kragness</u>, 58 B.R. 939 (Bankr. D. Or. 1986). However, this court has consistently sided with the line of cases which hold that a contingent remainder in a spendthrift trust is property of the estate. The court does not find that the definition of spendthrift trust under Pennsylvania law is so different from the definition of spendthrift trust under Kentucky law such that the court's analysis in <u>Sledge</u> should not be followed in this case.

8

Although the decision of a sister court interpreting the law of its forum state is entitled to respect, it is not a statement of Pennsylvania law binding on this court. Rather, the court is inclined to follow the precedent established in Sledge and Laughey and finds that the debtor's future remainder interest in the corpus of the Stroehmann Trust, which is payable at the termination of the trust, is a separate property interest that is not subject to the trust's spendthrift provision and is property of the bankruptcy estate. The court adheres to its view that funds in the hands of the debtor after the trust is terminated and its proceeds distributed no longer retain the protection of Section 541(c)(2). Therefore, the court denies the co-trustees' motion to dismiss as to the debtor's future interest in the corpus of the trust to be paid at the termination of the trust.[3]

## CONCLUSION

Based on the foregoing, the court ALLOWS the co-trustees' motion to dismiss as to the debtor's right to receive income and principal distributions during the life of the trust, because such discretionary distributions are not property of the bankruptcy estate. The court DENIES the co-trustees' motion to dismiss as to the debtor's future remainder interest in the trust principal because the court finds that such future interest is a separate property interest of the debtor that is property of the bankruptcy estate.

### "END OF DOCUMENT"

---

[3] It is important to focus on the precise property interest passing to the trustee. It is the debtor's current contingent right to receive a distribution at the termination of the trust, provided that he survive his father, and to the extent that the trust res has not been reduced or eliminated by discretionary distributions of principal prior to that time. See Stokes, supra, at 186.