**SO ORDERED.**

**SIGNED this 30 day of March, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | |
| DAVID LEWIS STROEHMANN, JR., | Case No: 07-02152-8-JRL |
| | Chapter 7 |
| Debtor. | |
| | |
| PEGGY LEVIN, TRUSTEE, | Adversary Proceeding No. |
| | L-08-00027-8-AP |
| Plaintiff | |
| vs. | |
| DAVID LEWIS STROEHMANN, JR.; | |
| WACHOVIA BANK, DAVID STROEHMANN, | |
| and SAM WOLCOTT, AS TRUSTEES OF | |
| THE GERTRUDE S. STROEHMANN TRUST, | |
| Defendant. | |

_____

**ORDER**

This matter is before the court on the pending motions for summary judgment. Because the issues raised by the motions are virtually identical to those before the court on the motion to dismiss, the court resolves these motions on the record without a hearing.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. By a trust agreement dated November 23, 1976, the debtor's grandmother, Gertrude S. Stroehmann, created a trust (1976 trust) for the benefit of her two children and their issue. The trust agreement divides its corpus into two equal shares, one for David Stroehmann Sr. ("David Sr.") and one for his brother, Harold Stroehmann, Jr. ("Harold Jr."). The David Sr. share was further divided into separate share for the benefit of David Sr.'s two children, David Stroehmann, Jr. ("David Jr."), the debtor, and J. Kathryn Stroehmann.

2. Wachovia Bank is the sole trustee of the 1976 trust. The 1976 trust grants to the trustee the power to distribute to the beneficiary of each share the income or any amount of principal from that share, in its "sole and absolute discretion." The only mandatory distribution occurs at the trust's closing, when the principal and retained income are to be paid to the beneficiaries. The trust agreement provides that the trust continues until the death of the last to die of Harold Jr. and David Sr. Harold Jr. has already died. If the debtor is not living at the time the 1976 trust closes, his shares pass to the other beneficiaries named in the trust.

3. The 1976 trust also contains a spendthrift provision which states: The interest of any beneficiary in the corpus or income of any trust shall not be subject to assignment, alienation,

pledge, attachment, or claims of creditors and shall not otherwise be voluntarily or involuntarily alienated or encumbered by such beneficiary.

    4. A second trust ("the Will trust") was created on November 18, 1987 by the terms of the Last Will & Testament of Gertrude S. Stroehmann. The residuary clause in the Last Will & Testament directed that the residue of Mrs. Stroehmann's estate be divided into two shares. Share number 2 was for the benefit of David Sr. with the remainder of the share being for the benefit of David Sr.'s children.

    5. The Will trust mandates that the trustee make distributions of all the net income of a grandchild's share in at least quarterly installments. Under the Will trust, the trustee has absolute discretion to invade the principal for medical expenses, support and education. The codicil states that "[n]o principal or income of any grandchild's trust may be used for any person other than the grandchild for whom it is held."

    6. The Will trust contains a spendthrift provision, entitled "Protective Provision," which prohibits the attachment, execution, or sequestration for any tort, debt, contract, obligation or liability of any legatee or beneficiary.

    7. The trustees of the Will trust must pay out, in full, a grandchild's remaining share when that grandchild reaches the age of forty-five years old. If a grandchild dies before reaching age forty-five, the grandchild's interest passes to other beneficiaries named in the Will trust, but under the codicil, the grandchild's interest would pass to the grandchild's estate.

    8. The debtor was born March 2, 1965 and will reach the age of forty-five on March 2, 2010.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

**ANALYSIS**

In an Order entered in this case on August 11, 2008, this court held that the debtor's future remainder interest in the 1976 trust principal was property of the bankruptcy estate. The same Order found that the principal and income distributions made during the life of the 1976 trust were not assets of the bankruptcy estate. The current motions pending before this court relate to the Will trust, which was previously undisclosed. The issue presented here is whether the interests created by the Will trust are included in the bankruptcy estate under the broad definition of property of the estate in 11 U.S.C. §541(a)(1). This is the same issue previously determined in this case, only with relation to a different trust agreement.

Section 541 of the Bankruptcy Code provides that upon commencement of the bankruptcy case, the debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). However, § 541(c)(2) specifically exempts from the bankruptcy estate the "beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. §541(c)(2). The purpose of this section is to uphold the validity of spendthrift trusts in bankruptcy. Therefore, only trusts that are enforceable under state law as spendthrift trusts are excludable from property of the estate. Id.

Here, the trust at issue is subject to the state law of Pennsylvania. The court finds the Will trust is a valid spendthrift trust under Pennsylvania law.[1] The terms of the Will trust give the debtor separate interests in the trust: (1) an interest in the income from the trust during the life of the trust which is distributed quarterly, (2) the interest in the principal during the life of the trust, and (3) a future interest in the principal that must be paid to the debtor upon his forty-fifth birthday. It must, therefore, be determined if each separate interest is subject to the spendthrift clause rendering it as property outside of the estate.

Having already dealt with this precise issue in this case, it would belabor the point to review each interest at any great length. *See* Levin v. Stroehmann, AP No. 08-00027-8-JRL (Bankr. E.D.N.C. Aug. 11, 2008), In re Stroehmann, No. 07-02152-8-JRL (Bankr. E.D.N.C.). Since the Will trust is a valid spendthrift trust, the principal and interest payments made during the life of the trust are precluded from the bankruptcy estate. However, the future interest, which

---

[1] See. Pa. C.S.A. §7742 (a)(2006). A spendthrift trust is valid under Pennsylvania law only if restrains both voluntary and involuntary transfer of a beneficiary's interest.

will be paid to the debtor upon his forty-fifth birthday, is not excluded from the estate.

Courts are split on the issue of whether a debtor's future interest in the principal of a spendthrift trust distributed upon termination constitutes property of the estate. 5 Collier on Bankruptcy (15th ed. rev.) ¶541.11[2].  This court has consistently followed the line of cases that hold a contingent remainder in a spendthrift trust to be property of the estate.  *See*, In re Laughey, 02-04762-8-JRL (Bankr. E.D.N.C. November 22, 2002); Levin v. Stroehmann, *supra*; In re Knight, 164 B.R. 372, 376 (Bankr. S.D. Fla. 1994). These facts provide no reason to forego reliance on these previous holdings, and in fact are stronger with regard to the Will trust.  A court of equity should not countenance the discharge of significant debt by a debtor who has an absolute right to substantial future income, contingent only on living until his forty-fifth birthday less than a year away.

Based on the foregoing, the plaintiff's motion for summary judgement is GRANTED on the issue of whether the debtor's remainder interests in both trusts are property under § 541 of the Bankruptcy Code  that belong to the bankruptcy estate.  The defendant's motion for summary judgement is GRANTED, to the extent that the income and principal distributions during the life of the trusts are not property of the bankruptcy estate.

END OF DOCUMENT