**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 09-2344

---

PEGGY S. LEVIN, Trustee,

        Plaintiff - Appellant,

   v.

WACHOVIA BANK; DAVID STROEHMANN, SR.; SAM WOLCOTT,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (4:09-cv-00087-BO)

---

Argued:  March 23, 2011                   Decided:  June 28, 2011

---

Before MOTZ and WYNN, Circuit Judges, and Ronald Lee GILMAN, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

---

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion, in which Judge Motz and Senior Judge Gilman concurred.

---

**ARGUED**: William Peak Janvier, EVERETT, GASKINS, HANCOCK & STEVENS, Raleigh, North Carolina, for Appellant.  Michael J. Parrish, WARD & SMITH, PA, New Bern, North Carolina, for Appellees.  **ON BRIEF**: James M. Hash, EVERETT, GASKINS, HANCOCK & STEVENS, Raleigh, North Carolina, for Appellant.  Paul A. Fanning, WARD & SMITH, PA, Greenville, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

This case requires us to determine whether a debtor's remainder interests in the corpus of two spendthrift trusts are property of his bankruptcy estate. The bankruptcy court ruled that they were; on appeal, the district court ruled that they were not. For the reasons explained below, we believe the district court is correct that the debtor's remainder interests are not part of his bankruptcy estate, and consequently we affirm the judgment of the district court.

I.

By a trust instrument dated November 23, 1976, Gertrude S. Stroehmann created a trust (the "1976 trust") for the benefit of her two children and their issue. The corpus of the 1976 trust was first divided into two equal shares: one for the benefit of Harold Stroehmann, Jr. ("Harold, Jr.") and his issue, and one for the benefit of David Stroehmann, Sr. ("David, Sr."), and his issue. The David, Sr. share was further divided into separate shares for the benefit of his two children, J. Kathryn Stroehmann and David Stroehmann, Jr. ("David, Jr."), the debtor in this case.

Wachovia Bank, N.A. is the sole trustee of the 1976 trust. The 1976 trust grants the trustee the power to distribute income and principal in its "sole and absolute discretion." The only

3

mandatory distribution occurs at the trust's termination, when the remaining principal and retained income are to be paid to the named beneficiaries. The instrument provides that the trust shall continue until the death of the last to die of Harold, Jr. and David, Sr.. Harold, Jr. has already died.

The 1976 trust contains a spendthrift provision. Article XII states that "[t]he interest of any beneficiary in the corpus or income of any trust shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors and shall not otherwise be voluntarily or involuntarily alienated or encumbered by such beneficiary." The value of the debtor's share of the corpus of the 1976 trust was valued at $684,285.77 as of January 6, 2009.

A second trust (the "Will trust") was created by the terms of the Last Will and Testament of Gertrude S. Stroehmann, which was executed on November 18, 1987. A residuary clause in the Will directed that the residue of the estate be divided into two equal shares to be held in trust. One of these shares was divided further between David, Sr., and his children. David, Jr., the debtor in this case, is one of the children of David, Sr., and therefore a beneficiary of the Will Trust.

Defendants David, Sr., Samuel Wolcott, and Wachovia Bank, N.A., are the trustees of the Will Trust. The Will trust mandates that the trustee make distributions of all the net

4

income of a grandchild's share in at least quarterly installments. It further states that a trustee has absolute discretion to invade the principal for the medical expenses, support, and education of the beneficiaries.

The Will trust also contains a spendthrift provision. The "Protective Provision" of the Will Trust states:

> I direct that all legacies and all shares and interests in my estate and any property appointed under this will, whether principal or income, while in the hands of my personal representatives, trustees or the guardians of property, shall not be subject to attachment, execution, or sequestration for any tort, debt, contract, obligation or liability of any legatee or beneficiary and shall not be subject to pledge, assignment, conveyance or anticipation.

The trustees of the Will trust are directed to pay out, in full, a grandchild's remaining share when that grandchild reaches the age of forty-five years old. If a grandchild dies before reaching that age, the grandchild's remaining interest passes to other beneficiaries named in the Will trust.

A codicil to the Will, dated March 10, 1988, modifies this last provision, making the grandchild's interest pass to the grandchild's estate. The codicil further provides that "[n]o principal or income of any grandchild's trust may be used for any person other than the grandchild for whom held . . . ." David, Jr. was born on March 2, 1965 and reached the age of

5

forty-five on March 2, 2010.[1]  The debtor's interest in the principal of the Will trust had a value of $299,581.31 as of January 6, 2009.

David, Jr., filed a Chapter 7 petition for bankruptcy on June 12, 2007.  Plaintiff Peggy S. Levin, the Chapter 7 Trustee appointed to David, Jr.'s case, filed an adversary proceeding on March 14, 2008.  Plaintiff asked the bankruptcy court to order Defendants to turn over all amounts distributed to the debtor under "the Stroehmann Trust" since the filing of the petition, including the principal of the trust, and all future income generated by the trust.[2]  Defendants filed a motion to dismiss the complaint on June 18, 2008.

The bankruptcy court conducted a hearing on July 10, 2008.  In a subsequent order, the bankruptcy court reasoned that the 1976 trust gives the debtor separate interests in the trust: (1) an interest in the income from the trust during the life of the trust, (2) an interest in the principal during the life of the trust, and (3) a future interest in the principal that must be paid to the debtor upon the termination of the trust.  Later in the order, the bankruptcy court recognized the latter two

---

[1] The Will trust therefore terminated, at least with regard to the debtor's share, during the pendency of this appeal.

[2] The initial complaint does not distinguish between the two trusts, but names all three Defendants as trustees.

interests as two aspects of the same thing; the debtor's right to receive principal is divided into: (1) the present right to receive disbursements of principal at the discretion of the trustees, and (2) the future right to receive mandatory distribution of principal upon termination of the trust.

Ultimately, the bankruptcy court granted Defendants' motion to dismiss as to the debtor's right to receive income and principal distributions during the life of the trust.[3] The bankruptcy court denied, however, the motion to dismiss "as to the debtor's future remainder interest in the trust principal," finding that such an interest "is a separate property interest of the debtor that is property of the bankruptcy estate." Defendants filed a motion for summary judgment on January 9, 2009. Plaintiff filed a motion for summary judgment on January 12, 2009.

During the course of the proceedings, Plaintiff learned that the debtor was the beneficiary of another trust, the Will trust (discussed above). With leave of the bankruptcy court, Plaintiff filed an amended complaint on February 2, 2009, requesting an order that Defendants turn over all amounts paid since the filing of the petition under the 1976 trust and the

---

[3] Both the bankruptcy court and the district court found these interests protected by a valid spendthrift provision. Plaintiff does not challenge this ruling on appeal.

7

Will trust, all future amounts to be paid under either trust, and declaring that the debtor's interest in both trusts is property of the bankruptcy estate.  Defendants filed answers to the amended complaint and filed another motion for summary judgment.

In an order entered on March 30, 2009, the bankruptcy court referred to its previous order regarding only the 1976 trust and recognized that "[t]his is the same issue previously determined in this case, only with relation to a different trust agreement."  Consistent with its previous order, the bankruptcy court granted Plaintiff summary judgment insofar as "the debtor's remainder interests in both trusts are property . . . that belong[s] to the bankruptcy estate."  The bankruptcy court granted Defendants summary judgment "to the extent that the income and principal distributions during the life of the trusts are not property of the bankruptcy estate."

Defendants appealed to the district court.  The district court reversed the bankruptcy court, concluding that the debtor's "future remainder interest in the principal of the Trusts is protected by a valid spendthrift provision." Wachovia Bank, N.A. v. Levin, 419 B.R. 297, 303 (E.D.N.C. 2009).  Plaintiff appealed to this Court.

II.

Initially we address a question of justiciability raised by Defendants.  Defendants argue that this appeal should be dismissed as moot since provisions in both trusts permit distribution of the entire principal prior to termination.

This Court has recognized that "when, pending appeal, an event occurs, without the fault of the defendant, that makes it impossible for the court to grant effective relief to the plaintiff, should the plaintiff prevail on the merits, the appeal should be dismissed and the court should not proceed to judgment."  Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Transp., Inc., 841 F.2d 92, 95-96 (4th Cir. 1988).  "The mootness doctrine is a limit on our jurisdiction that originates in Article III's case or controversy language."  Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009) (quotation marks and brackets omitted), cert. denied, 130 S. Ct. 1883 (2010).  A claim is not moot, however, as long as the parties have a concrete interest in the outcome of the litigation.  In re Balt. Emergency Servs. II, Corp., 432 F.3d 557, 560 n.* (4th Cir. 2005).

In the present case, Defendants argue that provisions of the trusts permit the trustees to disburse the entire principal prior to the termination of the trusts.  It follows, according to Defendants, that a judgment for Plaintiff "would not lead to

9

the recovery of any value for the benefit of [the debtor's] creditors." Brief of Appellees at 7-8. Defendants conclude from this that the harm allegedly suffered by Plaintiff cannot be redressed by a favorable decision.

Defendants do not, however, assert that as trustees they have distributed the entire principal of the trusts. Indeed, noticeably lacking from Defendants' argument is any suggestion that they have actually exercised their discretion under the trust provisions that they claim prevent Plaintiff from obtaining redress. Insofar as Plaintiff seeks to compel the transfer of the debtor's presently held remainder interests in both trusts, the case is not rendered moot by the mere possibility that they may later have no value. See In re Smith, 71 F.2d 378, 380 (9th Cir. 1934) (subsequent payment of trust principal did not render appeal moot where question raised was whether debtor's remainder interest was transferable in bankruptcy).

Plaintiff observes in reply that the Will trust has already terminated, and the debtor's remainder interest in that trust is now identifiable. We do not believe this circumstance has any bearing on the alleged mootness of this appeal. Insofar as the parties continue to dispute the debtor's entitlement to his remainder interests, the parties have a concrete interest in the outcome of the litigation. It follows that the case is not

moot. See In re Balt. Emergency Servs. II, Corp., 432 F.3d at 560 n.*.

### III.

We turn now to the merits of Plaintiff's appeal. "We review the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court." In re Merry-Go-Round Enters., Inc., 400 F.3d 219, 224 (4th Cir. 2005). Thus, we review the bankruptcy court's factual findings for clear error, and we review questions of law, including summary judgment, de novo. Id.; see also In re French, 499 F.3d 345, 351 (4th Cir. 2007).

### A.

The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," with some exceptions. 11 U.S.C. § 541(a)(1). One such exception provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). The bankruptcy court and the district court agreed that this provision excludes from the property of the bankruptcy estate

11

interests in trust that are protected under a spendthrift clause that is enforceable under applicable state law. See Patterson v. Shumate, 504 U.S. 753, 758 (1992) ("The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law.").

The parties do not dispute that the 1976 trust and the Will trust are subject to Pennsylvania state law. Pennsylvania law recognizes that "[a] spendthrift provision is valid only if it restrains both voluntary and involuntary transfer of a beneficiary's interest." 20 Pa. Cons. Stat. Ann. § 7742(a) (West 2006). Subject to certain exceptions not alleged to apply here, "a creditor or assignee of the beneficiary of a spendthrift trust may not reach the interest or a distribution by the trustee before its receipt by the beneficiary." Id. at § 7742(c). Both the bankruptcy court and the district court found that both trusts here contained spendthrift provisions that are valid under state law.

Pennsylvania courts "construe[] spendthrift provisions broadly." In re Blanchard, 201 B.R. 108, 125 (Bankr. E.D. Pa. 1996). "No principle in the law of wills and trusts is more firmly and clearly established than that the intention of the testator or settlor must prevail." Clark v. Clark, 411 Pa. 251, 255, 191 A.2d 417, 419-20 (1963). "The law rests its protection

of what is known as a spendthrift trust fundamentally on the principle of cujus est dare, ejus est disponere. [He who has a right to give, has the right to dispose of the gift.] It allows the donor to condition his bounty as suits himself so long as he violates no law in so doing." In re Morgan's Estate, 223 Pa. 228, 230, 72 A. 498, 499 (1909).

B.

In this case, Plaintiff argues that the bankruptcy court correctly ruled that the debtor's remainder interests in both trusts are property of the bankruptcy estate. Plaintiff concedes that the debtor's interests in income and principal during the life of the trusts are protected by the spendthrift provisions and therefore not part of the bankruptcy estate. Plaintiff contends, however, that the debtor's remainder interests in the corpus of the trusts are not similarly protected.

Plaintiff relies on Ginsburg v. Hilsdorf, 30 Pa. D. & C.2d 384 (1962). In Ginsburg, the Court of Common Pleas of Pennsylvania considered whether the defendants' interests in three trusts might be attached in light of the spendthrift provisions the trusts contained. Id. at 390. The defendants in Ginsburg were the vested remaindermen of the trusts' corpus, but

13

were not beneficiaries entitled to any of the income. Id. at 395-96. The spendthrift provision stated:

> No sum payable by my Trustees under the provisions of the foregoing trust shall be pledged, assigned, transferred or sold, or in any manner whatsoever anticipated, charged or encumbered by the beneficiaries thereunder, or any of them, or be in any manner liable in the hands of my Trustees for the debts, contracts and engagements of the beneficiaries thereunder, or any of them.

Id. at 394-395. The court found it clear from this provision that the settlors intended to protect only the income beneficiary. "If they intended the spendthrift provision to protect the vested remainderman they could have said so. . . . In failing to include the remainder interests in the spendthrift provisions, the testators have left the door open to the present attachment proceedings." Id. at 395.

The Ginsburg court distinguished other, more expansive, spendthrift provisions such as that which appeared in Riverside Trust Co. v. Twitchell, 342 Pa. 558, 20 A.2d 768 (1941). The defendant in Riverside was the income beneficiary of a trust established by her aunt. Id. at 560, 20 A.2d at 769. The spendthrift provision there stated

> that there shall be no power of anticipation or of pledge or assignment either of the income or of the principal of the Trust Fund, or of any interest therein whatsoever; and the Trustee, its successors and assigns, shall hold and administer the Trust and pay over the income received by it as aforesaid, and the principal sum upon the termination of the Trust, as herein provided, free from any debts, liabilities,

14

> obligations or other engagements whatsoever of the Grantor, or of any persons who, by the terms hereof, may be or become beneficiaries hereunder.

Id. at 560-61, 20 A.2d at 769-70. The Riverside court held that the spendthrift provision was meant to protect both income and principal.[4] Id. at 561-62, 20 A.2d at 770.

The Ginsburg court also distinguished the spendthrift provision that appeared in Harder v. Follansbee, 102 Pitts. L. J. 231 (Pa. C.P. 1954).[5] The trust instrument in Harder directed the trustee to pay the income to the settlor's widow for life, and thereafter to the defendant, who also held a remainder interest in the corpus. Id. at 231. The trust contained a spendthrift provision that stated, "neither the principal nor income of this trust fund shall in any manner be liable to the control or answerable for the debts, contracts or engagements of the beneficiaries hereunder or liable to any charge, encumbrance, assignment, conveyance or anticipation by them." Id. at 232. The Harder court held that the provision protected the defendant's interest in both income and principal.[6] Id.

---

[4] The provision in Riverside, the Ginsburg court said, is "a far cry from the one in the case at bar." Ginsburg, 30 Pa. D. & C.2d at 394.

[5] This case is not available on Westlaw or Lexis but may be obtained through public resources in the State of Pennsylvania.

[6] The Ginsburg court stated simply that such a provision as appeared in Harder did not appear in the instant case. Ginsburg, 30 Pa. D. & C.2d at 393.

Plaintiff notes that the spendthrift provisions here did not explicitly cover the trust principal upon termination of the trusts, as did the provision in Riverside. Plaintiff asserts that the language of the trusts here, particularly that of the Will trust, is similar to the language of the trusts construed in Ginsburg. Plaintiff concludes that the debtor's remainder interests in the trusts are therefore not subject to the protection of the spendthrift provision.

The spendthrift provision of the 1976 trust protects "[t]he interest of any beneficiary in the corpus or income of any trust" and the spendthrift provision of the Will Trust protects "all shares and interests in my estate and any property appointed under this will, whether principal or income." Thus, unlike the spendthrift provision in Ginsburg, the provisions here explicitly mention both the income and the corpus/principal of the trusts. They are therefore more analogous to the spendthrift provisions distinguished by Ginsburg than the provisions at issue in that case.

Indeed, Harder is directly on point. Like the debtor in this case, the defendant in Harder held both an interest in the income and a remainder interest in the principal of the trust. Harder, 102 Pitts. L. J. at 231. The court held that the spendthrift provision obviously applied to income but also to

16

the defendant's remainder interest in the principal. Id. at 232. The same reasoning applies here.

C.

Plaintiff next argues that this Court should join those courts that have held a debtor's remainder interest in a spendthrift trust upon termination of the trust is part of the bankruptcy estate. See In re Britton, 300 B.R. 155 (Bankr. D. Conn. 2003); In re Crandall, 173 B.R. 836 (Bankr. D. Conn. 1994); Matter of Strasma, 26 B.R. 449 (Bankr. W.D. Wis. 1983). Plaintiff insists that if the debtor holds an interest in the corpus of a spendthrift trust upon its termination, "then those funds cannot, by the plain language of the trust, be subject to the spendthrift clause which necessarily must terminate with the trust." Brief of Appellant at 18. Plaintiff recognizes that the district court relied on Pennsylvania bankruptcy cases contrary to her position, but argues that the courts that decided those cases "failed to consider that they were expanding the scope of spendthrift protection beyond that provided for by state law." Brief of Appellant at 22.

The district court explained that the apparent split of authority does not support the bankruptcy court's conclusion that the principal here is unprotected because Pennsylvania law alone controls this case. As the district court recognized,

17

Pennsylvania law protects remainder interests in the corpus of a trust if the spendthrift provision of the trust instrument so provides. See Clark, 411 Pa. at 256, 191 A.2d at 420 (holding that attempted conveyance of remainder interest in a trust was invalid because the spendthrift provision prohibited beneficiary from making any binding commitment of principal or income during the life of the trust); In re Blanchard, 201 B.R. at 126 (applying Pennsylvania law to provide spendthrift protection to debtor's remainder interest in the corpus of a trust and to exclude the debtor's interest in the corpus from the bankruptcy estate); In re Katz, 220 B.R. 556, 565 (Bankr. E.D. Pa. 1998) (holding that when the debtor's entire interest in a trust was protected by a valid spendthrift provision, the debtor could not assign his interest in either the principal or the income before they were distributed); cf. In re Will of Rintz, 2007 Phila. Ct. Com. Pl. LEXIS 254 (June 19, 2007) (approving the distribution of certain income and principal directly to the trust beneficiary, despite the claims of his Chapter 7 bankruptcy trustee, because they were protected by a valid spendthrift provision).

The issue is thus not whether we should choose to follow one line of cases or another. Rather, we are compelled to follow applicable nonbankruptcy law. 11 U.S.C. § 541(c)(2). In this case, that means we apply Pennsylvania law. Under

Pennsylvania law, "the intention of the testator or settlor must prevail." Clark, 411 Pa. at 255, 191 A.2d at 419-20. For the reasons explained above, we believe that by explicitly invoking the trusts' principal, the settlor here intended the spendthrift provisions to apply to the debtor's remainder interests therein.

The spendthrift provisions here represent "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2). The debtor's remainder interests in the trusts' principal are therefore not included in his bankruptcy estate. Id. The determination of the district court is consequently

AFFIRMED.